**UNITED STATES of America, Appellee,**

v.

**Rasheem MEREDITH, Edwin Pedroza, also known as Nene, Defendants–Appellants.**

**Nos. 01–1547 (L), 01–1548(C).**

United States Court of Appeals, Second Circuit.

July 19, 2002.

Colleen P. Cassidy, Legal Aid Society, Federal Defender Division, New York, NY, for Edwin Pedroza.

Trevor L.F. Headley, Brooklyn, NY, for Rasheem Meredith.

Dwight C. Holton, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Alan Vinegrad, United States Attorney, Eastern District of New York, Brooklyn, NY.

Present JACOBS, LEVAL, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is REVERSED.

Defendants Rasheem Meredith and Edwin Pedroza appeal from judgments of the United States District Court for the Eastern District of New York (Amon, *J.*) convicting them, following a jury trial, of threatening bodily injury to Erica Perez with the intent to retaliate against a government informant, Willis Acevedo, in violation of 18 U.S.C. § 1513(b)(2). On appeal, Pedroza and Meredith each claim that the evidence of a threat to harm Erica Perez was insufficient.

We do not address the question whether the defendants, in conversation with Erica in a car, violated the statute by communicating threats to harm Acevedo and his wife, Erica's sister, as this was not charged in the indictment, and the case was not tried on that theory. However, on the question whether the defendants threatened to harm Erica, which was the only charge in the indictment, the evidence was so equivocal that—even viewed in the light most favorable to the government—it could not support a finding of guilt beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We are therefore compelled to reverse the conviction.

For the foregoing reasons, the judgments of conviction are REVERSED. The mandate shall issue forthwith. Subsequent to the oral argument of his appeal, the defendant Pedroza moved for release pending the determination of the appeal. Because the appeal has been decided, the mandate to issue forthwith, the motion has become moot and is denied as such. Any issue relating to Pedroza's confinement or release should be directed to the district court.